UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN URBANO AND URBANO & COMPANY LLC,

Plaintiffs,

v.

JUSTIN TIMBERLAKE,

Defendant.

Case No. 2:22-cv-04512-FLA (Ex)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT JUSTIN TIMBERLAKE'S MOTION TO STAY DISCOVERY [DKT. 55]**

On January 20, 2023, Defendant Justin Timberlake ("Defendant") filed an Ex Parte Application to Stay Discovery Pending Ruling on Anti-SLAPP Motion ("Application," Dkt. 54) and the subject Motion to Stay All Discovery Pending Ruling on Anti-SLAPP Motion ("Motion," Dkt. 55). On January 27, 2023, the court granted the Application in the alternative and stayed discovery in this action until the earlier of February 17, 2023, or the court's issuance of a ruling on the Motion.

Defendant requests the court stay discovery in this action, arguing discovery was automatically stayed by the filing of a Special Motion to Strike under Cal. Code Civ. Proc. § 425.16 ("anti-SLAPP Motion"). Dkt. 54 at 14-15; Dkt. 55 at 2. Plaintiffs John Urbano and Urbano & Company LLC ("Plaintiffs") oppose the Motion. Dkt. 57. The court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for February 17, 2023. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

Cal. Code Civ. Proc. § 425.16(g) ("Section 425.16(g)") provides that the filing of an anti-SLAPP motion automatically stays all further discovery until the court rules on the motion. To prevent the collision of California state procedural rules with federal procedural rules, courts in the Ninth Circuit review anti-SLAPP motions under different standards depending on the motion's basis. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir. 2018).

If a defendant makes an anti-SLAPP motion based on alleged deficiencies in the plaintiff's complaint, plaintiffs are not required to present prima facie evidence supporting their claims and the anti-SLAPP motion must be treated in the same manner as a motion under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), except that the attorney's fee provision of Cal. Code Civ. Proc. § 425.16(c) applies. *Id.* at 833-34. "[O]n the other hand, when an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 ["Rule 56"] standard will apply," and "discovery must be allowed, with opportunities to

supplement evidence based on the factual challenges, before any decision is made by the court." *Id.* at 834. Defendant states his anti-SLAPP Motion is a factual attack on Plaintiffs' claims. Dkt. 54 at 13. The court, therefore, applies a Rule 56 standard, and Plaintiffs are entitled to take discovery. *See Planned Parenthood*. 890 F.3d at 834.

Defendant contends a request to take discovery under Rule 56 to oppose an anti-SLAPP motion is not self-executing, and that the opposing party must first make an evidentiary showing, including by submitting a declaration stating specific reasons why Plaintiffs could not present "facts essential" which would justify their opposition. Dkt. 54 at 14-15. According to Defendant, Plaintiffs must first identify what information they need to respond to the anti-SLAPP motion before Plaintiffs may take discovery. The Ninth Circuit expressly rejected this argument in *Planned Parenthood*, 890 F.3d at 834, holding that plaintiffs do not bear an initial "burden of presenting evidence showing that their claims have minimal merit" before taking discovery in opposition to an anti-SLAPP motion that challenges the factual sufficiency of a claim. Rule 56(d) does not establish otherwise.

Defendant's anti-SLAPP Motion challenges Plaintiffs' First Amended Complaint on grounds including that Plaintiffs cannot meet their burden to demonstrate tolling of the applicable statute of limitations, the existence of a joint venture, or damages. Dkt. 42 at 31-33. In their opposition, Plaintiffs argue they have met their burden to demonstrate genuine disputes of material fact on these issues, but alternatively request leave to conduct discovery regarding the scope of the agreement between the parties, the terms of the purported joint venture, and damages. Dkt. 44 at 23-24.

As it is undisputed that Defendant has refused to respond substantively to Plaintiffs' discovery requests, Plaintiffs have satisfied the requirements of Rule 56(d). Accordingly, the court DENIES Defendant's request for a stay of all discovery in this action.

The court ORDERS the parties to meet and confer and to submit a joint statement within fourteen (14) days of this Order proposing a schedule regarding: (1) Plaintiffs' requested discovery on the scope of the agreement between the parties, the terms of the purported joint venture, and damages; and (2) the filing of amended opposition and reply briefs to the anti-SLAPP motion. Discovery in this action is otherwise STAYED pending the court's ruling on Defendant's anti-SLAPP motion, and Defendant need not respond to Plaintiffs' discovery requests that fall beyond the discovery requested in Plaintiffs' opposition to the anti-SLAPP Motion (Dkt. 44 at 23-24) and permitted in this Order.

IT IS SO ORDERED.

Dated: February 13, 2023

FERNANDO L. AENLLE-ROCHA
United States District Judge